**The below described is SIGNED.**

(js)

**Dated: June 27, 2007**   _____
**GLEN E. CLARK**
**U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br>JOHN ZANE JEPPESEN and ROBYN JEPPESEN<br><br>Debtors. | Bankruptcy Case No. 05-34247 GEC<br>Chapter 7<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Adversary Proceeding No. 05-02735 |
| VAL STOKES and JULIE STOKES,<br><br>Plaintiffs,<br>vs.<br><br>JOHN ZANE JEPPESEN,<br><br>Defendants. | |

Having been before the Court at a trial held on March 8, 2007, held before the Honorable Glen E. Clark, United States District Bankruptcy Court Judge with the Plaintiffs appearing and being represented by Bretton K. Hadfield and Daniel K. Watkins and the Defendant appearing and being represented by Jeremy C. Sink, and after consideration of the arguments and testimony heard at trial, all the stipulated exhibits, the parties Trial Briefs, and of good cause appearing, the Court does now make and adopt the following:

1

Filed: 06/22/07

**FINDINGS OF FACT**

1. In connection with the selling of the promissory notes to the Plaintiffs, the Defendant failed to disclose the Idaho Consent Decree, the lack of real estate securing the notes which was contrary to the statements that were contained in the notes themselves, and the Lehman Brothers lawsuit.

2. The Plaintiffs did not know about the Lehman Brothers lawsuit when they invested in the promissory notes sold by the Defendant.

3. The Plaintiffs did not know anything about the value of the collateral, but Mr. Stokes was aware that other notes were being sold in his area to others presumably with the same collateral.

4. The collateral aided the Plaintiffs' decision.

5. The payments received on previous notes equally aided the Plaintiffs' decision.

6. The Plaintiffs did nothing to investigate the financial stability of the promissor.

7. The Plaintiffs actions towards the real estate show that the non-disclosure was not justifiable.

8. The disclosure of the Idaho Consent Decree would not have been a factor in the Plaintiffs' decision to invest.

9. The Plaintiff thought that money from new investors would pay off old investors, which is the classic definition of a Ponzi scheme, and someone who admits to investing in a Ponzi scheme can never be found to have justifiably relied.

FROM THE FORGOING facts, and for good cause appearing, the Court does now make and adopt the following:

**CONCLUSIONS OF LAW**

1.  To establish non-dischargeability under 11 U.S.C. §523(a)(6), the Plaintiffs must establish a wilful and malicious injury committed by the Defendant.

2.  The Supreme Court in In re Geiger, 118 S.Ct. 974 (1998) states the word wilful in §523(a)(6) modifies the word injury indicating that non-dischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act which leads to the injury. Negligent or reckless acts do not suffice to establish that a resulting injury is wilful and malicious. Intentional torts generally require that the actor intended the consequences of an act, not simply the act itself.

3.  The Tenth Circuit Bankruptcy Appellate Panel in In re Parker, 264 B.R. 685 (10th Cir. BAP 2001) states that the narrow reading of wilful in Geiger is akin to the standard of deliberate injury necessary for an intentional tort.

4.  The Plaintiffs has failed to establish a wilful or deliberate injury; therefore, 11 U.S.C. §523(a)(6) does not apply to the Plaintiffs' claims.

5.  To establish a claim under 11 U.S.C. §523(a)(2)(A), the Plaintiffs must prove the following elements by a preponderance of the evidence: the debtor made a false representation with the intent to deceive the creditor, the creditor relied on the representation, the creditor's reliance was justifiable, and the debtor's representation caused the creditor to sustain loss.

6. With respect to a claim under 11 U.S.C. §523(a)(2), the Tenth Circuit in <u>Fowler Brothers v. Young</u>, 91 F.3d 1367 (10th Cir. 1996) states that a failure to disclose information constitutes a false representation or a false pretense under 11 U.S.C. §523(a)(2)(A). An implied misrepresentation constitutes false pretenses for the purposes of 11 U.S.C. §523(a)(2)(A).

7. The Plaintiffs bear the burden of showing justifiable reliance.

8. The Plaintiffs did not meet their burden in showing justifiable reliance; therefore, they did not establish the requirements of 11 U.S.C. §523(a)(2)(A).

9. The Court finds that the Plaintiffs have met their burden under 11 U.S.C. §523(a)(19)(A).

10. The Plaintiffs' claim arises out of a violation of a state securities law or regulation.

11. The Defendant sold unregistered securities to the Plaintiffs, in violation of Utah Code Ann. §61-1-7.

12. The Defendant sold securities to the Plaintiffs while in the State of Utah without first obtaining a license to sell securities, in violation of Utah Code Ann. §61-1-3.

13. The later pledge of real estate to secure a guarantee of the notes did not change the fact that they were unsecured notes at the time they were sold and therefore, the notes were securities.

14. The Plaintiffs have not yet met their burden under 11 U.S.C. §523(a)(19)(B).

15. The Defendant did enter into a Stipulation and Consent Order on or around August 15, 2005. That Stipulation and Consent Order was entered into between the Defendant and the Utah Division of Securities for the State of Utah and is presently held in abeyance by the State of Utah.

16. The plea in abeyance is defined by Utah Code Ann. §77-2a-1, which states that a plea in abeyance means an order of the Court upon motion of the prosecution and the defendant accepting the pleas of guilty or of no contest from the defendant, but not at that time entering judgment of conviction against him, nor imposing a sentence upon him, on condition that he comply with specific conditions set forth in a plea in abeyance agreement.

17. A plea in abeyance agreement means an agreement entered into between the prosecution and the defendant, setting forth the specific terms and conditions upon which, following acceptance of the agreement by the Court, the plea may be held in abeyance. Utah Code Ann. §77-2a-1.

18. A plea in abeyance is not a final adjudication; it anticipates further action by the trial court. It is an order that is held by the State and not entered into judgment against the defendant, on the condition that the defendant comply with specific conditions set forth in the plea in abeyance. State v. Turnbow, 21 P.3d 249 (Utah Ct. App. 2001).

19. A plea in abeyance is an acknowledgment of the defendant's violation of the law and can be used as such in related proceedings, even though it is held and may ultimately be dismissed. State v. Hunsaker, 933 P.2d 415 (Utah Ct. App. 1997).

20. During the abeyance period, the trial court which holds the plea in abeyance retains jurisdiction over the controversy. Until the order becomes final, only the trial court holds jurisdiction over adjudication of the matter before it. Salzl v. Department of Workforce Services, 122 P.3d 691 (Utah Ct. App. 2005).

21. It is possible that the plea in abeyance will be entered by the State. If so, the Plaintiff's debt results from a judgment or order, when entered, which is not dischargeable because 11 U.S.C. §523(a)(19) refers to any judgment, order, consent order or decree, etc. that results before or after the date on which the petition was filed.

22. By its very words, 11 U.S.C. §523(a)(19) contemplates the possibility that a judgment or order could be entered in the future and thus satisfy the requirement of 11 U.S.C. § 523(a)(19).

23. To the extent that Plaintiff's debt or claim results from the entry of a plea in abeyance, or the entry of any other judgment, order or decree by a state or federal tribunal concerning the securities law violations committed by the Defendant, the debt or claim is non-dischargeable under 11 U.S.C. §523(a)(19).

24. Relief from the automatic stay is granted to the Plaintiffs to this extent.

25. The statute of limitations is tolled until the action of the State of Utah against the Defendant is closed.

26. The Court will enter a separate Order in accordance with these Findings of Fact and Conclusions of Law.

[END DOCUMENT]